T.C. Memo. 2017-15

UNITED STATES TAX COURT

NEIL S. SCHUSTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28217-14L.                    Filed January 17, 2017.

<u>David J. Polashuk</u> and <u>Scott A. Schwartzberg</u>, for petitioner.

<u>David A. Indek</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before us on respondent's motion for
summary judgment (respondent's motion).  We shall grant respondent's motion.

<u>Background</u>

The record establishes and/or the parties do not dispute the following.

[*2]   Petitioner resided in Florida at the time he filed the petition.

With respect to taxable year 2004, petitioner had Federal income tax (tax) withheld of $3,271 and made an estimated tax payment of $15,000.  On April 15, 2005, petitioner filed with the Internal Revenue Service (IRS) Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return (Form 4868), and included a $580,000 check with that form in order to pay what he believed was a reasonable estimate of the amount of tax due for his taxable year 2004 (April 15, 2005 payment).  The IRS granted petitioner an extension of time to August 15, 2005, within which to file his tax return for his taxable year 2004 (2004 return).

On April 15, 2005, petitioner also remitted to the IRS an $80,000 payment on behalf of his mother (mother's $80,000 payment) with respect to her taxable year 2004.  The IRS erroneously credited petitioner's mother's $80,000 payment (misapplied mother's $80,000 credit) to the account that the IRS maintained for petitioner with respect to his taxable year 2004 (2004 account).

On August 15, 2005, petitioner filed with the IRS a second Form 4868 for his taxable year 2004.  The IRS granted petitioner an extension of time to October 15, 2005, within which to file his 2004 return.

[*3] The IRS received petitioner's 2004 return on October 21, 2005. In that return, petitioner showed total tax of $519,718, which was less than he had anticipated when he filed Form 4868 on April 15, 2005, and remitted his April 15, 2005 payment to the IRS. On November 28, 2005, the IRS assessed the total tax shown in petitioner's 2004 return (assessed 2004 total tax). In his 2004 return, petitioner elected to apply any overpayment for his taxable year 2004 to his 2005 estimated tax.

With respect to taxable year 2004, petitioner made payments totaling $598,271 (correct 2004 payments) that consisted of (1) tax withheld, (2) an estimated tax payment, and (3) his April 15, 2005 payment. As a result, when petitioner filed his 2004 return he had already paid in full his assessed 2004 total tax of $519,718 and had an overpayment of $78,553 for his taxable year 2004 (correct 2004 overpayment).

In addition to assessing the total tax shown in petitioner's 2004 return, the IRS processed that return and showed in petitioner's 2004 account his correct 2004 payments of $598,271 and the misapplied mother's $80,000 credit (erroneous 2004 credit of $80,000). Because the IRS showed in petitioner's 2004 account not only his correct 2004 payments of $598,271 but also the erroneous 2004 credit of $80,000, the amount of the overpayment that the IRS showed

**[*4]** petitioner had in that account was erroneously increased by $80,000 from $78,553 to $158,553. Consequently, the IRS showed in petitioner's 2004 account and in the account that the IRS maintained for petitioner with respect to his taxable year 2005 (2005 account) that petitioner had elected to apply to his 2005 estimated tax the total amount of $158,553 that the IRS showed in each of those two accounts. (We shall refer to the erroneous 2004 credit of $80,000 that the IRS erroneously credited to petitioner's 2005 account as the erroneous 2005 credit of $80,000.)

With respect to taxable year 2005, petitioner had tax withheld of $3,145 and made estimated tax payments totaling $500,000. On April 15, 2006, petitioner filed with the IRS Form 4868 and included a $450,000 check with that form in order to pay what he believed was a reasonable estimate of the amount of tax due for his taxable year 2005 (April 15, 2006 payment). The IRS granted petitioner an extension of time to October 15, 2006, within which to file his tax return for his taxable year 2005 (2005 return).

The IRS received petitioner's 2005 return on October 19, 2006. In that return, petitioner showed total tax of $1,012,169. On November 20, 2006, the IRS assessed the total tax shown in petitioner's 2005 return (assessed 2005 total tax)

[*5] and an addition to tax under section 6654(a)[1] of $2,474 (assessed 2005 addition to tax). In his 2005 return, petitioner elected to apply any overpayment for his taxable year 2005 to his 2006 estimated tax.

With respect to taxable year 2005, petitioner made payments totaling $1,031,698 (correct 2005 payments) that consisted of (1) tax withheld, (2) estimated tax payments, (3) the April 15, 2006 payment, and (4) petitioner's correct 2004 overpayment of $78,553, which he had elected to apply to his 2005 estimated tax. As a result, when petitioner filed his 2005 return he had already paid in full his assessed 2005 total tax of $1,012,169 and assessed 2005 addition to tax of $2,474 and had an overpayment of $17,055 for his taxable year 2005 (correct 2005 overpayment).

In addition to assessing the total tax shown in petitioner's 2005 return and an addition to tax under section 6654(a), the IRS processed that return and showed in petitioner's 2005 account his correct 2005 payments of $1,031,698 and the erroneous 2005 credit of $80,000. Because the IRS showed in petitioner's 2005 account not only his correct 2005 payments of $1,031,698 but also the erroneous 2005 credit of $80,000, the amount of the overpayment that the IRS showed

_____

[1]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

**[*6]** petitioner had in that account was erroneously increased by $80,000 from $17,055 to $97,055. Consequently, the IRS showed in petitioner's 2005 account and in the account that the IRS maintained for petitioner with respect to his taxable year 2006 (2006 account) that petitioner had elected to apply to his 2006 estimated tax the total amount of $97,055 that the IRS showed in each of those two accounts. (We shall refer to the erroneous 2005 credit of $80,000 that the IRS erroneously credited to petitioner's 2006 account as the erroneous 2006 credit of $80,000.)

With respect to taxable year 2006, petitioner had tax withheld of $3,135 and made an estimated tax payment of $250,000. On April 15, 2007, petitioner filed with the IRS Form 4868 for his taxable year 2006 and did not include a payment with that form. The IRS granted petitioner an extension of time to October 15, 2007, within which to file his tax return for his taxable year 2006 (2006 return).

The IRS received petitioner's 2006 return on October 16, 2007. In the 2006 return, petitioner showed total tax of $317,265. On November 5, 2007, the IRS assessed the total tax shown in petitioner's 2006 return (assessed 2006 total tax). In his 2006 return, petitioner elected to apply any overpayment for his taxable year 2006 to his 2007 estimated tax.

[*7]  With respect to taxable year 2006, petitioner made payments totaling $270,190 that consisted of (1) tax withheld, (2) an estimated tax payment, and (3) petitioner's correct 2005 overpayment of $17,055, which he had elected to apply to his 2006 estimated tax.  In addition, the IRS had credited to petitioner's 2006 account an amount totaling $30 ($30 credit) to which the IRS had concluded petitioner was entitled.  As a result, petitioner's 2006 account showed that he had made total payments, including that $30 credit,[2] of $270,220 (correct 2006 payments).  Because petitioner's assessed 2006 total tax was $317,265, there remained unpaid $47,045 of that assessed 2006 total tax when petitioner filed his 2006 return (assessed 2006 total tax due of $47,045).

In addition to assessing the total tax shown in petitioner's 2006 return, the IRS processed that return and showed in petitioner's 2006 account his correct 2006 payments of $270,220 and the erroneous 2006 credit of $80,000.  Because the IRS showed in petitioner's 2006 account not only his correct 2006 payments of $270,220 but also the erroneous 2006 credit of $80,000, the IRS erroneously credited $47,045 of that erroneous 2006 credit of $80,000 against petitioner's assessed 2006 total tax due of $47,045.  As a result, the amount of the

---

[2]Of the $30 credit, $4.39 consisted of interest.  We shall include the entire $30 credit amount as part of petitioner's total payments for his taxable year 2006.

[*8] overpayment that the IRS showed in petitioner's 2006 account was erroneously increased by $32,955 (i.e., the unused portion of the erroneous 2006 credit of $80,000) from zero to $32,955. Consequently, the IRS showed in petitioner's 2006 account and in the account that the IRS maintained for petitioner with respect to his taxable year 2007 (2007 account) that petitioner had elected to apply to his 2007 estimated tax $32,955 of the erroneous 2006 credit of $80,000, which the IRS showed in each of those two accounts. (We shall refer to the unused portion (i.e., $32,955) of the erroneous 2006 credit of $80,000 that the IRS erroneously credited to petitioner's 2007 account as the erroneous 2007 credit of $32,955.)

With respect to taxable year 2007, petitioner had tax withheld of $3,129. On April 15, 2008, petitioner filed with the IRS Form 4868 for his taxable year 2007 and did not include a payment along with that form. The IRS granted petitioner an extension of time to October 15, 2008, within which to file his tax return for his taxable year 2007 (2007 return).

The IRS received petitioner's 2007 return on October 14, 2008. In the 2007 return, petitioner showed total tax of zero. On November 3, 2008, the IRS assessed the total tax shown in petitioner's 2007 return (assessed 2007 total tax).

[*9] In his 2007 return, petitioner elected to apply any overpayment for his taxable year 2007 to his 2008 estimated tax.

With respect to taxable year 2007, petitioner made a payment of $3,129 (correct 2007 payment) that consisted of tax withheld. Because petitioner's assessed 2007 total tax was zero, petitioner had an overpayment of $3,129 for his taxable year 2007 (correct 2007 overpayment).

In addition to assessing the total tax shown in petitioner's 2007 return, the IRS processed that return and showed in petitioner's 2007 account his correct 2007 payment of $3,129 and the erroneous 2007 credit of $32,955. Because the IRS showed in petitioner's 2007 account not only his correct 2007 payment of $3,129 but also the erroneous 2007 credit of $32,955, the amount of the overpayment that the IRS showed petitioner had in that account was erroneously increased by $32,955 from $3,129 to $36,084. Consequently, the IRS showed in petitioner's 2007 account and in the account that the IRS maintained for petitioner with respect to his taxable year 2008 (2008 account) that petitioner had elected to apply to his 2008 estimated tax the total amount of $36,084 that the IRS showed in each of those two accounts. (We shall refer to the erroneous 2007 credit of $32,955 that the IRS erroneously credited to petitioner's 2008 account as the erroneous 2008 credit of $32,955.)

[*10]  With respect to taxable year 2008, petitioner had tax withheld of $3,120. On April 15, 2009, petitioner filed with the IRS Form 4868 for his taxable year 2008 and did not include a payment along with that form.  The IRS granted petitioner an extension of time to October 15, 2009, within which to file his tax return for his taxable year 2008 (2008 return).

The IRS received petitioner's 2008 return on October 15, 2009.  In the 2008 return, petitioner showed total tax of zero.  On November 9, 2009, the IRS assessed the total tax shown in petitioner's 2008 return (assessed 2008 total tax).

With respect to taxable year 2008, petitioner made payments totaling $6,249 (correct 2008 payments) that consisted of (1) tax withheld and (2) petitioner's correct 2007 overpayment of $3,129, which he had elected to apply to his 2008 estimated tax.  Because petitioner's assessed 2008 total tax was zero, petitioner had an overpayment of $6,249 for his taxable year 2008.

In addition to assessing the total tax shown in petitioner's 2008 return, the IRS processed that return and showed in petitioner's 2008 account his correct 2008 payments of $6,249 and the erroneous 2008 credit of $32,955.  Because the IRS showed in petitioner's 2008 account not only his correct 2008 payments of $6,249 but also the erroneous 2008 credit of $32,955, the amount of the

[*11] overpayment that the IRS showed petitioner had in that account was erroneously increased by $32,955 from $6,249 to $39,204.

In his 2008 return, petitioner claimed a refund of $39,204. The IRS sent to petitioner a refund check for $39,204 with respect to his taxable year 2008, $32,955 of which consisted of the erroneous 2008 credit of $32,955 and was an erroneous refund.

On April 8, 2011, an IRS representative sent a letter to petitioner. That letter stated in pertinent part:

> We regret that we incorrectly applied a payment of $80,000.00 to your 2004 tax year and the payment was credit[ed] to your 2005 [taxable year] as estimated tax. The payment was credit[ed] to your 2006 estimated tax. This made your [2006] account appear to be overpaid. We have corrected the error. Your 2006 tax account is in a balance due status.

As of the time the IRS corrected petitioner's 2006 account by removing the erroneous 2006 credit of $80,000 from that account, petitioner's 2006 account showed that, of the assessed 2006 total tax of $317,265, there was a balance of $47,045 that remained unpaid.

On April 25, 2011, the IRS assessed additions to tax under sections 6651(a)(2) and 6654(a) with respect to petitioner's taxable year 2006 as well as interest as provided by law. On October 10, 2011, the IRS assessed an additional

[*12] addition to tax under section 6651(a)(2). On November 25, 2013, the IRS assessed additional interest as provided by law. In addition, at various times after 2010, the IRS credited against petitioner's assessed 2006 total tax certain overpayments totaling $15,694 that petitioner had made for certain of his taxable years after his taxable year 2008.

On February 18, 2014, the IRS issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to petitioner's taxable year 2006.

On March 10, 2014, the IRS received petitioner's Form 12153, Request for a Collection Due Process or Equivalent Hearing (Form 12153). In Form 12153, petitioner requested a hearing with the IRS' Appeals Office (Appeals Office) with respect to the notice of intent to levy.

On July 30, 2014, a settlement officer with the Appeals Office (settlement officer) who was assigned to petitioner's Form 12153 held a telephonic hearing with petitioner's representative (July 30, 2014 hearing). During that hearing, petitioner's representative did not dispute that petitioner had not paid with his own funds the entire amount of his assessed 2006 total tax of $317,265. Nor did petitioner's representative dispute that the erroneous 2006 credit of $80,000 that

**[\*13]** was reflected in petitioner's 2006 account was the result of a mistake that the IRS had made.

Instead, petitioner's representative argued during the July 30, 2014 hearing that, because the IRS erroneously credited the erroneous 2006 credit of $80,000 (to the extent of $47,045) against petitioner's assessed 2006 total tax, petitioner received from the IRS an erroneous refund of $80,000 for his taxable year 2006 (to the extent of $47,045) (claimed 2006 erroneous refund).[3] Petitioner's representative maintained (1) that, because petitioner received from the IRS what that representative claimed was an erroneous refund for his taxable year 2006, subsection (d) of section 7405, titled "Action for Recovery of Erroneous Refunds", governs the period within which the IRS is entitled to collect that claimed 2006 erroneous refund from petitioner and (2) that that period of limitations, which petitioner's representative claimed is two years, has expired. (We shall sometimes refer to the arguments that petitioner's representative advanced at the July 30, 2014 hearing as petitioner's position.)

The settlement officer informed petitioner's representative during the July 30, 2014 hearing that he would ask an IRS examiner (examiner) to review

---

[3]We note that we do not find petitioner's arguments at the Appeals Office and here to be altogether clear or consistent.

[*14] petitioner's 2006 account in order to ascertain whether an erroneous refund had been issued to petitioner for his taxable year 2006. Immediately after the July 30, 2014 hearing had ended, the settlement officer requested an examiner to review petitioner's 2006 account in order to ascertain whether an erroneous refund had been issued to petitioner for his taxable year 2006. After the examiner reviewed that account, she advised the settlement officer that the IRS had not issued any refund to petitioner for his taxable year 2006.

On August 22, 2014, the settlement officer telephoned petitioner's representative (August 22, 2014 telephone call) and informed him that the examiner had reviewed petitioner's 2006 account and had found that that account did not show that the IRS had issued any refund to petitioner for his taxable year 2006. Petitioner's representative advised the settlement officer during that telephone call that he disagreed with the examiner's finding and restated petitioner's position. At the conclusion of the August 22, 2014 telephone call with petitioner's representative, the settlement officer informed that representative that he would contact a representative of the IRS' Office of Chief Counsel (Chief Counsel's representative) in order to obtain that representative's views with respect to petitioner's position.

[*15] Immediately after the August 22, 2014 telephone call had ended, the settlement officer consulted with a Chief Counsel's representative. That representative gave the settlement officer her views about petitioner's position. The Chief Counsel's representative advised the settlement officer (1) that the erroneous 2006 credit of $80,000 was what she called a credit transfer, not a refund, which the IRS had erroneously reflected in petitioner's 2006 account, and (2) that the IRS had removed the erroneous 2006 credit of $80,000 from that account around April 2011, thereby correcting that account. Consequently, according to the Chief Counsel's representative, subsection (a) of section 6502, titled "Collection After Assessment", governs the period within which the IRS is entitled to collect from petitioner any portion of his assessed 2006 total tax that remains unpaid as well as any unpaid additions to tax and interest as provided by law for his taxable year 2006. That representative further informed the settlement officer that the applicable period of limitations under section 6502(a), which that representative claimed is 10 years, has not expired.

On August 25, 2014, the settlement officer telephoned petitioner's representative and informed him of the Chief Counsel representative's views with respect to petitioner's position.

[*16] On October 24, 2014, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination) in which that office sustained the notice of intent to levy. An attachment to the notice of determination stated in pertinent part:

### SUMMARY AND RECOMMENDATION

You have requested a Collection Due Process hearing under IRC § 6330 as to the appropriateness of a tax levy * * *

A review of all the information available indicates that (1) all legal and procedural requirements have been followed, (2) issues raised by you have been considered, and (3) the balancing of the need for efficient collection with your concerns that the collection action be no more intrusive than necessary has been considered.

We believe that issuing a levy is an appropriate collection action under the circumstances.

### BRIEF BACKGROUND

You filed your Form 104[0] tax return for 2006 and self-reported a tax liability on the return. IRS records show that the tax assessment was properly made. Notice and demand was sent to you as required by IRC § 6303 and you failed to pay the liability in full.

There was a balance due at the time that the Collection Due Process Notice was issued as required by IRC § 6331(a). Letter 1058, Final Notice of Intent to Levy, was issued to you February 18, 2014. You made a timely request for a hearing on the Form 12153 that was received March 10, 2014.

**[*17]**                    **DISCUSSION AND ANALYSIS**

### Verification of Legal and Administrative Procedural Requirements

The Settlement Officer (SO) has had no prior involvement with this taxpayer in either Compliance or Appeals with respect to this liability.

The collection statute has been suspended by the appropriate computer code for the tax period at issue.

We have determined with the best information available that the requirements of various applicable laws and administrative procedures have been met.

IRC § 6331 states that if any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for payment of such tax. The notice and demand was issued to you.

IRC § 6330 states that no levy may be made unless the IRS notifies a taxpayer of the opportunity for a hearing with Appeals. The hearing request must be made within 30 days of the levy notice. The notice, Letter 1058, was issued to you and you made a timely request for a hearing.

### Relevant Issues by the Taxpayer

In his appeal your authorized representative David Rosen didn't raise a specific issue.

[*18] During the hearing that was held July 30, 2014 Mr. Rosen said that the reason you owe for 2006 is because you received an $80,000.00 erroneous refund. He said that the IRS can't collect the amount owed because the two[-year] statute of limitation for collecting an erroneous refund has expired. The SO told Mr. Rosen that there was no refund issued from 2006 but he would research your records and call him back.

The SO called Mr. Rosen on August 22, 2014 and informed him that he had an Appeals Tax Examiner review the transcripts for the years 2004, 2005 and 2006 for an erroneous refund and none was found. Mr. Rosen insisted that the $80,000.00 credit that was transferred was a refund. The SO told Mr. Rosen that he would secure the opinion of our Area Counsel if the credit transfer is considered a refund. And call him back.

The SO called Mr. Rosen on August 25, 2014 and informed him that in our Area Counsel's opinion a credit transfer is not a refund. The SO also told Mr. Rosen that the letter issued to you from the IRS Taxpayer Advocate Service date August 13, 2014 explained to you that the refund you received from 2008 in the amount of $39,[204].00 was an erroneous refund, but you did not received [sic] a refund from 2006 and that the 2006 tax liability is valid. Mr. Rosen kept insisting that there was an erroneous refund [from] 2006. The SO informed Mr. Rosen that the only options that can be considered are a collection alternative or issuing a notice of determination which would allow you to petition the Tax Court. Mr. Rosen told the SO that you can't afford to pay the liability and the SO told him that you would have to provide a completed financial statement and documentation to support the financial statement. Mr. Rosen told the SO that he would discuss this with you and asked the SO to send the financial statement. Mr. Rosen asked if he could have until September 15, 2014 to respond and the SO agreed.

On August 26, 2014 the SO mailed the financial statement and a cover letter to you. In his letter the SO told you that he had discussed

[*19] the enclosed financial statement with Mr. Rosen, and the SO listed the documentation that you would have to provide with the financial statement.  The SO asked that you have the financial statement and all of the documentation in his office by September 25, 2014.  The SO has not received a response from you or Mr. Rosen as of this date.  Without the requested financial information we can't consider placing your tax liability into currently not collectable status.

**Balancing Efficient Collection and Intrusiveness**

The Office of Appeals believes that issuing a levy balances the need for efficient collection of taxes with your concerns as to the intrusiveness of the action.  Our determination is that the levy is proper.

As of December 7, 2015, petitioner's 2006 account showed that $31,351 of petitioner's assessed 2006 total tax as well as additions to tax under sections 6651(a)(2) and 6654(a) and interest as provided by law accrued to December 7, 2015, remained unpaid.  (We shall sometimes refer to any unpaid assessed amounts with respect to petitioner's taxable year 2006 as well as interest as provided by law accrued after December 7, 2015, as petitioner's unpaid assessed 2006 liability.)

## Discussion

We may grant summary judgment where there is no genuine dispute of material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965

**[\*20]** (7th Cir. 1994). We conclude that there is no genuine dispute as to any material fact regarding the issue raised in respondent's motion.

It is petitioner's position[4] that (1) because the IRS erroneously credited the erroneous 2006 credit of $80,000 (to the extent of $47,045) against petitioner's assessed 2006 total tax, he received from the IRS an erroneous refund for his taxable year 2006 of $80,000 (to the extent of $47,045) (i.e., the claimed 2006 erroneous refund); (2) because petitioner received from the IRS what petitioner claims was an erroneous refund for his taxable year 2006, section 7405(d)[5]

---

[4]It is our understanding that petitioner's position here is the same as petitioner's position at the Appeals Office. See supra note 3.

[5]Sec. 7405(d) on which petitioner relies provides:

SEC. 7405. ACTION FOR RECOVERY OF ERRONEOUS REFUNDS.

(d) Periods of Limitation.--

For periods of limitations on actions under this section, see section 6532(b).

Sec. 6532(b) to which sec. 7405(d) refers provides:

SEC. 6532. PERIODS OF LIMITATION ON SUITS.

(b) Suits by United States for Recovery of Erroneous Refunds.-- Recovery of an erroneous refund by suit under section 7405 shall be allowed only if such suit is begun within 2 years after the making of

(continued...)

[*21] governs the period within which the IRS is entitled to collect that claimed 2006 erroneous refund from petitioner; and (3) that period of limitations, which petitioner claims is two years, has expired.

It is respondent's position that (1) the erroneous 2006 credit of $80,000 was a credit transfer, not a refund, which the IRS had erroneously reflected as of April 15, 2006, in petitioner's 2006 account and which the IRS thereafter, around April 2011, had removed from that account, thereby correcting petitioner's 2006 account; (2) the IRS' correction of petitioner's 2006 account by removing the erroneous 2006 credit of $80,000 from that account resulted in that account's showing that the entire amount of petitioner's assessed 2006 total tax as well as certain additions to tax and interest as provided by law for his taxable year 2006 had not been paid; (3) section 6502(a)[6] governs the period within which the IRS is

_____

[5](...continued)
such refund, except that such suit may be brought at any time within 5 years from the making of the refund if it appears that any part of the refund was induced by fraud or misrepresentation of a material fact.

[6]Sec. 6502(a) on which respondent relies provides:

SEC. 6502.  COLLECTION AFTER ASSESSMENT.

(a) Length of Period.--Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a

(continued...)

[*22] entitled to collect from petitioner his assessed 2006 total tax that remains unpaid as well as any unpaid additions to tax and interest as provided by law for his taxable year 2006; and (4) the period of limitations under section 6502(a), which respondent claims is 10 years, has not expired.

In support of respondent's position, respondent advances the following contentions. As of the date on which the IRS corrected the erroneous 2006 credit of $80,000 reflected in petitioner's 2006 account, that account showed, and petitioner had, assessed 2006 total tax due of $47,045, which he has never paid with his own funds. Thereafter, the IRS credited against petitioner's assessed 2006 total tax certain overpayments totaling $15,694 that petitioner had made for certain of his taxable years after his taxable year 2008. As of December 7, 2015, petitioner's 2006 account showed that $31,351 of petitioner's assessed 2006 total tax as well as additions to tax under sections 6651(a)(2) and 6654(a) and interest as provided by law remained unpaid (i.e., petitioner's unpaid assessed 2006 liability).

---

[6](...continued)
proceeding in court, but only if the levy is made or the proceeding begun--

      (1) within 10 years after the assessment of the tax * * *

[*23] On the record before us, we find that the IRS' crediting to petitioner's 2006 account the erroneous 2006 credit of $80,000 (to the extent of $47,045) did not satisfy petitioner's assessed 2006 total tax due of $47,045. Petitioner's assessed 2006 total tax may be paid or satisfied only with a payment "tendered by * * * [him], and not by an IRS error." Clark v. United States, 63 F.3d 83, 89 (1st Cir. 1995) (relying on United States v. Wilkes, 946 F.2d 1143, 1152 (5th Cir. 1991)); see C&R Inv., Inc. v. United States, 444 F.2d 765, 768, 770 (10th Cir. 1971). Petitioner has never paid his assessed 2006 total tax due of $47,045 with his own funds. It was only because of an IRS error that petitioner's 2006 account showed that the IRS had applied the erroneous 2006 credit of $80,000 (to the extent of $47,045) against the assessed 2006 total tax due of $47,045. The IRS thereafter corrected that error and petitioner's 2006 account by removing the erroneous 2006 credit of $80,000 from that account. After that correction, petitioner's 2006 account showed that, of the assessed 2006 total tax of $317,265, there was a balance of $47,045 that remained unpaid.

On the record before us, we find that the IRS' erroneously crediting to petitioner's 2006 account the erroneous 2006 credit of $80,000 (to the extent of $47,045) was not an erroneous refund to petitioner for purposes of section 7405. See Clark, 63 F.3d at 89; C&R Inv., Inc., 444 F.2d at 768, 770. On that record, we

[*24] further find that the period of limitations within which respondent may collect petitioner's unpaid assessed 2006 liability is prescribed by section 6502(a). On the record before us, we also find that that period of limitations has not expired.[7] On that record, we sustain the determinations in the notice of determination.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

<u>An order granting respondent's motion and decision for respondent will be entered</u>.

---

[7]The 10-year period of limitations within which respondent may collect petitioner's assessed 2006 total tax began to run on November 5, 2007, the date on which the IRS assessed the total tax shown in petitioner's 2006 return. <u>See</u> sec. 6502(a). On March 10, 2014, the IRS received petitioner's Form 12153 which he submitted to the IRS in response to the notice of intent to levy that he had received with respect to his taxable year 2006 and in which he requested a hearing with the Appeals Office. The 10-year period of limitations prescribed by sec. 6502(a) was, and remains, suspended as of the date on which the IRS received petitioner's Form 12153. <u>See</u> sec. 6330(e)(1); sec. 301.6330-1(g)(2), Q&A-G1, Proced. & Admin. Regs.